IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------x
In re                                  : Chapter 11
                                       :
MEDICAL WIND DOWN HOLDINGS I, INC., et al. :
(f/k/a MAXXIM MEDICAL GROUP, INC., et al.), : Case Nos. 03-10438 (PJW)
                                       :
                 Debtors.              : (Jointly Administered)
                                       :
                                       :
---------------------------------------x   Ref. Docket No. 969

## ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 (i) AUTHORIZING SALE OF CERTAIN PROPERTY; (ii) APPROVING THE TERMS OF PURCHASE AGREEMENT; AND (iii) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of Medical Wind Down Holdings I, Inc., et al. (f/k/a Maxxim Medical Group, Inc., et al.) the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing the sale of certain property to Henny Penny Corporation ("Henny"); (b) approving the terms of the Purchase Agreement substantially in the form attached to the Motion as Exhibit A (the "Agreement"); and (c) granting related relief; and the Court having reviewed the Agreement, and upon the record of the hearing held on May 17, 2004; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.
[2] When appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. See Fed. R. Bankr. P. 7052.

B.  The statutory predicates for the relief requested in the Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6007.

C.  For the reasons set forth in the Motion, due and adequate notice of the Motion, the Agreement, the hearing, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

D.  Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

E.  The Debtors' prepetition secured lenders and the Committee support entry of an order approving the sale.

F.  The Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arm's length bargaining positions, and without collusion. Henny is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor Henny have engaged in any conduct that would cause or permit the Agreement, or the sale of the Property to Henny pursuant thereto and hereto, to be avoided under Bankruptcy Code section 363(n).

G.  Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties in interest

2

herein that the Property be sold to Henny in a sale under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

H.  The consideration provided by Henny for the Property pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest and best offer for the Property; (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

I.  The Debtors are authorized to sell the Property free and clear of all interests of any kind or nature whatsoever because one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Property.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED.

2.  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to: (i) conduct a sale of the Property to Henny; (ii) enter into the Agreement; and (iii) sell, transfer, and convey the Property to Henny.

WP3:1000744.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　61890.1001

3.     The Agreement and all of its terms are APPROVED, and this Order and the Agreement shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties in interest herein.

4.     Upon the date of closing the sale of the Property (the "Closing Date"), the Property shall be transferred to Henny free and clear of all liens, claims and encumbrances pursuant to Bankruptcy Code sections 105(a) and 363; provided that any liens shall attach to the proceeds of the Sale to the same extent and priority as such liens existed immediately prior to the Sale. All persons and entities (including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, and trade and other creditors) holding interests of any kind or nature whatsoever against or in the Debtors or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Debtors, the Property, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Property to Henny, hereby are forever barred, estopped, and permanently enjoined from asserting against Henny, its successors or assigns, or the Property, such persons' or entities' interests.

5.     To the extent of any conflict between this Order and any other order entered in these cases, the terms of this Order shall govern.

6.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing

4

<span style="font-size:small">WP3:1000744.1</span>     <span style="font-size:small">61890.1001</span>

signed by both parties, and in accordance with the terms thereof, without further order of this Court; <u>provided</u> that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

7. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

8. As provided by Bankruptcy Rule 6004(g), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

9. The Debtors are authorized and empowered, but not directed, to take such actions and execute and deliver such documents and pay such sums as are reasonably necessary to effectuate the terms of the Agreement and this Order. Any actions taken by the Debtors and Henny necessary or desirable to consummate the Sale prior to the entry of this Order are hereby ratified.

10. To the fullest extent permitted under section 1146(c) of the Bankruptcy Code, the Sale, shall not be subject to any stamp, real estate transfer, sales, use, mortgage recording or similar tax, including any conveyance fee, and each recording or other agent of any governmental office shall record any such documents of issuance, transfer, or exchange without any further direction or order from this Court.

WP3:1000744.1     61890.1001

11.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Agreement or this Order.

Dated: Wilmington, Delaware
       May 17, 2004

_____
Peter J. Walsh
United States Bankruptcy Judge

WP3:1000744.1

61890.1001